20731/10756/TAR/SCC/PJW

IN THE UNITED STATES DISTRICT COURT, EASTERN DIVISION
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICIA TWOHILL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 01C 1146 |
| | ) | JUDGE KENNELLY |
| v. | ) | Judge |
| | ) | MAGISTRATE JUDGE |
| HOWMEDICA, INC., a foreign corporation, | ) | GERALDINE SOAT BROWN |
| | ) | (Circuit Court No. 00 L 10714) |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

TO: Joseph V. Roddy
The Law Offices of Joseph V. Roddy
77 W. Washington St.
Suite 1100
Chicago, IL 60602

**PLEASE TAKE NOTICE** that on the 20th day of February, 2001, we filed with the Clerk of Court for the Northern District of Illinois, the attached Defendant, HOWMEDICA, INC.'s Notice of Removal, Removal Notice to Adverse Party, Appearance and Jury Demand.

A copy of the aforementioned documents is hereby served upon you.

FEB 21 2001

Respectfully submitted,

HOWMEDICA, INC.

By: _____
One of its attorneys

Thomas A. Reed
Sarah G. Cronan
Patrick J. Woytek
CASSIDAY, SCHADE & GLOOR
20 North Wacker Drive, Suite 1040
Chicago, Illinois 60606
(312) 641-3100
Attorney No. 01936

1-1

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Notice of Filing and Defendant, HOWMEDICA INC.'s Notice of Removal, Removal Notice to Adverse Party, Appearance and Jury Demand described above was deposited in a United States Post Office box, enclosed in an envelope, with postage fully prepaid, and plainly addressed to Joseph V. Roddy, The Law Offices of Joseph V. Roddy, 77 W. Washington St., Suite 1100, Chicago, IL 60602, before the hour of 5:00 p.m. this 20th day of February, 2001.

_____

6171571

20731/10756/TAR/SGC/PJW  Attorney # 01936

# IN THE UNITED STATES DISTRICT COURT, EASTERN DIVISION
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICIA TWOHILL, | ) | |
| Plaintiff, | ) | No. 01C 1146 |
| v. | ) | Judge JUDGE KENNELLY |
| | ) | MAGISTRATE JUDGE GERALDINE SOAT BROWN |
| HOWMEDICA, INC., a foreign corporation, | ) | |
| Defendants. | ) | (Circuit Court No. 00 L 10714 F) |

FILED FEB 20 2001
DOCKETED FEB 21 2001

## DEFENDANT, HOWMEDICA, INC.'S NOTICE OF REMOVAL

Now comes Defendant MTG DIVESTITURES, INC. f/k/a HOWMEDICA, INC., and hereinafter "HOWMEDICA", by and through its attorneys, Thomas A. Reed, Sarah G. Cronan, Patrick J. Woytek and Cassiday, Schade & Gloor, and states that it has been sued as the Defendant in a civil action entitled *Patricia Twohill v. Howmedica, Inc.*, bearing Case No. 00 L 10714, in the Circuit Court of Cook County, Illinois. Defendant hereby files in the United States District Court for the Northern District of Illinois, Eastern Division, its Notice of Removal for removal of said civil action to the United States District Court for the Northern District of Illinois, Eastern Division.

Copies of this Notice of Removal are herewith served upon counsel of record for the Plaintiff, PATRICIA TWOHILL, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, in conformity with 28 U.S.C. §1446. Defendant, HOWMEDICA represents that the grounds for removal are as follows:

1. On September 19, 2000, Plaintiff filed the instant products liability action in the Circuit Court of Cook County, Illinois against HOWMEDICA, the manufacturer of a total knee implant system.

1-1

2.  Defendant, HOWMEDICA, received a copy of the Summons and the Complaint on December 21, 2000. Copies of the Summons and Complaint are attached hereto respectively as Exhibit "A" and Exhibit "B".

3.  Defendant, HOWMEDICA, is a foreign corporation organized and existing under the laws of the State of Delaware, and the principal place of business of Defendant, HOWMEDICA, is located in the State of New York.

4.  Plaintiff, PATRICIA TWOHILL, is a citizen of the State of Illinois.

5.  Plaintiff's Complaint does not contain an express ad damnum in an amount exceeding Seventy-Five Thousand ($75,000) Dollars. However, the Complaint was filed with an Affidavit signed by Plaintiff's counsel, Joseph V. Roddy, which stated and affirmed that the "Damages sought in the above captioned action exceed $50,000." A copy of the Affidavit of Mr. Roddy is attached as part of Exhibit "B". Accordingly, under Local Rule 81.2, on January 22, 2001, the Defendant, HOWMEDICA, served Plaintiff's counsel with a Request for Admissions of Fact to establish whether the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars. On February 2, 2001, the Plaintiff filed her Response to Request for Admissions in which the Plaintiff admits that she is seeking damages in excess of $75,000. See Copy of Plaintiff's Response to Defendant's Request for Admissions of Fact attached as Exhibit "C".

6.  It is the Defendant, HOWMEDICA's good faith belief that the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs. The basis for HOWMEDICA's good faith belief is receipt of the Plaintiff's Response to Defendant's Request for Admission of Fact. Plaintiff, PATRICIA TWOHILL, alleges that she had her knee replaced with the Defendant's total knee implant system, that the implanted system failed, and that

as a result she was required to undergo and incur expenses for two revision surgeries to repair the implanted system, and that she has endured pain, suffering, and sustained various disabilities.

7. Pursuant to the provisions of 28 USC §1332, the District Court has jurisdiction over all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs.

8. Removal is timely since the Defendant removes this civil action within thirty (30) days after receipt of Plaintiff's Response to Defendant's Request for Admissions of Fact. Pursuant to Local Rule 81.2, the receipt of this admission by the Defendant constitutes the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b).

WHEREFORE, Defendant, HOWMEDICA, INC., prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid action and Complaint be removed from the Circuit Court of Cook County, Illinois to this Honorable Court for trial and determination as provided by law, and that this Court enter such Orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said Circuit Court and, thereupon, proceed with the civil action as if it originally had been commenced in this Court.

Dated: February 20, 2001

Respectfully submitted,

HOWMEDICA INC.

By: _____
One of its attorneys

Thomas A. Reed
Sarah G. Cronan
Patrick J. Woytek
CASSIDAY, SCHADE & GLOOR
20 North Wacker Drive
Suite 1040
Chicago, Illinois 60606
(312) 641-3100
Attorney No. 01936

6171449 PWOYTEK;PWOYTEK

- 4 -

2420 - Served by Publication    2421 - Served by Publication
SUMMONS                          ALIAS - SUMMONS                                (Rev.5/1/92) CCG-

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW              DIVISION

(Name all parties)
PATRICIA TWOHILL,

        Plaintiff,

    v.

HOWMEDICA INC.,

        Defendant.

No. 00 L 10714
PLEASE SERVE:
Howmedica Inc.
R/A   Secretary of State
17 N. State Street
Suite 1137
Chicago, IL 60602

## SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room*        , Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

OCT 11 2000

WITNESS, _____, 2000

AURELIA PUCINSKI
Clerk of court     Clerk of court

Name Law Offices of Joseph Roddy     Date of service: _____
Attorney for Plaintiff                (To be inserted by officer on copy left with
Address 77 W. Washington Street, Suite 1100    defendant or other person)
City Chicago, IL 60602
Telephone (312) 368-8220
Atty. No. 48373

**Service by Facsimile Transmission will be accepted at   312-368-8486
(A.C.) (Facsimile Telephone)

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Law Division Room 801
Chancery-Divorce Room 802
County Division Room 801
Probate Division Room 1202

EXHIBIT
A

TOTAL P.11

JAN-11-01 13:44 From:PFIZER INC     2128573563     T-780 P.05/14 Job-551

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA TWOHILL,

    Plaintiff,

v.    No: 00L10714

HOWMEDICA, INC.,
a foreign corporation,

    Defendant.



### Complaint At Law

NOW COMES the Plaintiff, PATRICIA TWOHILL, by and through her attorneys, The Law Offices of Joseph V. Roddy, and states as follows:

1. Plaintiff is a resident of Cook County, Illinois.

2. Defendant, HOWMEDICA, INC., was a foreign corporation licensed to do business in Illinois, until it withdrew on August 11, 1999.

3. On or about October 2, 1996, plaintiff submitted to examination, diagnosis, treatment, and surgery by Dr. Mercier, a physician, with offices located at 104 S. Michigan Avenue Suite # 316, Chicago, Illinois.

4. During the course of the treatment described above, plaintiff was required to undergo a surgical procedure which plaintiff understands to be properly termed a total knee arthroplasty. During that surgery a certain prosthetic device, which plaintiff understands to be properly termed a tibial tray, was placed in the plaintiff's knee.



EXHIBIT B

5. The prosthetic device was designed, manufactured, supplied, and sold by the Defendant, HOWMEDICA, INC.

6. The prosthetic device was defective, and its implementation in plaintiff's knee has caused severe injuries. The Defendant was negligent in the design, manufacture, storage, transportation, and sale of the prosthetic device, and its negligence was a direct and proximate cause of the injuries and damages suffered by the plaintiff.

7. The defendant by selling, supplying, and distributing the prosthetic device, impliedly warranted its safety to anyone who might lawfully use it for the purposes for which it was intended. The defendant further knew or should have known that the device would be used without inspection by the plaintiff who was unlearned and unskilled in those matters, and the defendant knew or should have known that the device would be used by plaintiff without inspection for defects. The defendant expressly or impliedly represented to plaintiff that the device was safe and proper for the intended use, but that was not so, since the device was defective, and the defendant breached its warranty and representation and is subject to strict liability. The defective prosthesis was the proximate cause of the plaintiff's injuries and damages.

8. Within two years after the prosthetic device was implanted in plaintiff's body, the device failed by completely tearing away from the patella bone. As a result of this failure,

on January 24, 1998, plaintiff underwent a revision of the right knee. After the second surgery Plaintiff continued to suffer severe pain. It was determined that she suffered from a fracture of the tibial component and polyethylene. A third surgery was required.

9. The design of the prosthetic device, the selection of materials from which it was fabricated, the manufacturing procedures by which it was made, and the inspection procedures attendant on the manufacturer as well as the packaging of the device and the distribution and storing of the device, were all functions solely within the control of the defendant.

10. The tearing away from the patella bone, the fracture of tibial component, and fracture of polyethylene are not events that normally occur without negligence in the design, manufacture, fabrication, transportation, or storage of the device.

11. Defendant, HOWMEDICA, INC., as the manufacturer of the device knew or should have known that unless the device was carefully and properly designed, manufactured, transported and stored would constitute an unreasonable risk of substantial bodily harm to those who used it for which it was made and intended. At the time in question, the device was being properly used for the purpose for which it was intended, but the device was in fact defective, unsafe, and unreasonably dangerous.

12. At the time of the selling, distribution, and supplying

of the device, the device was unsafe and defective. As so designed, manufactured, fabricated, assembled, transported, and stored, the device was unreasonably dangerous to anyone who might use it for the purposes for which it was intended and it was in fact defective and unfit, dangerous and unsafe, unsuitable and dangerous to be placed in plaintiff's body.

13. At the time of the initial surgery mentioned in this complaint, the plaintiff was fully able to work and perform her usual and customary activities; but for the breach of warranties and negligence of the defendants, plaintiff would have continued with those capabilities for the remainder of her life. As a direct and proximate result of the negligence of the defendant and as a result of the breach of assurances, representations, and warranties, plaintiff sustained severe, permanent, and emotionally distressing injuries, productive of physical pain and mental anguish.

14. Other than the condition for which submitted for treatment, plaintiff was in excellent health. Plaintiff has been caused to suffer injuries requiring plaintiff to undergo additional surgical procedures. Plaintiff's condition was caused to be aggravated and worsened, emotionally upsetting the plaintiff, all because of the breaches of warranties as described above, and negligence of the defendant.

WHEREFORE, Plaintiff, PATRICIA TWOHILL, asks judgment against the Defendant, HOWMEDICA, INC., in a sum in excess of the

jurisdictional amount and costs of this action.

_____
Attorney for Plaintiff

The Law Offices Of Joseph V. Roddy
77 West Washington, Suite 1100
Chicago, Illinois 60602
#48373

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| PATRICIA TWOHILL, | ) |
| Plaintiff, | ) |
| v. | ) No: |
| HOWMEDICA, INC., a foreign corporation, | ) |
| Defendant. | ) |

### Affidavit Pursuant to Supreme Court Rule 222

I, Joseph V. Roddy, one of the attorneys for the Plaintiff, PATRICIA TWOHILL, state under oath as follows:

1. Damages sought in the above captioned action exceed $50,000.

Further Affiant Sayeth Not

_____
Joseph V. Roddy

Subscribed and sworn to me
this 14th day of September, 2000

_____
OFFICIAL SEAL
MARY C RODDY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/30/03

Joseph V. Roddy
77 West Washington, Suite 1100
Chicago, Illinois 60602
#48373

20731/JJR/SGC/PJW/GJD
10758

STATE OF ILLINOIS   )
                    ) SS.
COUNTY OF C O O K   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA TWOHILL            )
                            )
                            )
              Plaintiff,    )
                            )
and                         )    No.  00 L 10714F
                            )
HOWMEDICA,                  )
                            )
              Defendant.    )

### NOTICE OF FILING

TO: Cassiday, Schade & Gloor
    20 N. Wacker Drive
    Suite 1040
    Chicago, IL 60606

PLEASE TAKE NOTICE that we have this day, the 2nd day of February, 2001, filed with the Clerk of the Court, Response to Defendant's Request for Admission of Facts Directed To the Plaintiff, Patricia Twohill, in accordance with the Rules and Provisions of the Supreme Court.

_____
Attorney for Plaintiff

LAW OFFICES OF JOSEPH V. RODDY
77 West Washington St., Suite 1100
Chicago, IL 60602
(312) 368-8220
Attorney No. 48373

The undersigned being first duly sworn on oath, deposes and says that s/he served a copy of the above and foregoing Notice together with a copy of the same herein referred to, upon the above-named attorney at the cited address by placing same in a duly addressed and stamped envelope and depositing same in the U.S. Mail Chute located at 77 W. Washington, Chicago, Illinois on the 2nd day of February, 2001.

[ ]  Under penalties as provided by           Date: 2/2/01
     law pursuant to 735 ILCS 5/1-109
     I certify that the statements set        _____
     forth herein are true and correct.

EXHIBIT C

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF C O O K  )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA TWOHILL,           )
                            )
        Plaintiff,          )
                            )
   vs.                      )   No. 00 L 10764
                            )
HOWMEDICA, INC., a foreign corporation, )
                            )
        Defendant           )

### RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION OF FACTS DIRECTED TO PLAINTIFF, PATRICIA TWOHILL

NOW COMES the plaintiff, PATRICIA TWOHILL, and in response to the defendants request for admission of facts directed to her, states as follows:

1. Admits that the damages incurred by Patricia Twohill exceeds $75,000.00, and further states that she seeks relief and will request of a jury an amount far in excess of $75,000.00.

2. Denies the allegations in paragraph 2, furthermore states, please refer to her answer in paragraph 1, because the damages far exceeds $75,000.00.

_____
Attorney for Plaintiff

LAW OFFICES OF JOSEPH V. RODDY #48373
77 West Washington Street
Suite 1100
Chicago, IL 60602
(312) 368-8220

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the ___ and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Twohill

**JUDGE KENNELLY**

**01C 1146**

### DEFENDANTS
MTG Divestitures, Inc. f/k/a Howmedica, Inc. and named herein as "Howmedica, Inc."

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE GERALDINE SOAT BROWN**

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
The Law Offices of Joseph V. Roddy
77 W. Washington St.
Suite 1950
Chicago, IL 60602

ATTORNEYS (IF KNOWN)
Thomas A. Reed
Sarah G. Cronan
Patrick J. Woytek

Cassiday, Schade & Gloor
20 N. Wacker, Suite 1040
Chicago, IL 60606

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

FEB 21 2001

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC Section 1332 - diversity of citizenship

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case
☐ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE February 20, 2001

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas A. Reed

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE KENNELLY

**01C 1146**

In the Matter of PATRICIA TWOHILL v. HOWMEDICA, INC.

Case Number: MAGISTRATE JUDGE GERALDINE SOAT BROWN

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

MTG Divestitures, Inc. f/k/a Howmedica, Inc. and named herein as "Howmedica, Inc."

| (A) | (B) |
|---|---|
| SIGNATURE: *Thomas A. Reed* | SIGNATURE: *Sarah G. Cronan* |
| NAME: Thomas A. Reed | NAME: Sarah G. Cronan |
| FIRM: Cassiday, Schade & Gloor | FIRM: Cassiday, Schade & Gloor |
| STREET ADDRESS: 20 N. Wacker, Suite 1040 | STREET ADDRESS: 20 N. Wacker, Suite 1040 |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: Chicago, IL 60606 |
| TELEPHONE NUMBER: 312/641-3100 | TELEPHONE NUMBER: 312/641-3100 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 02300516 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 06203823 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [X] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE: *Patrick J. Woytek* | SIGNATURE: |
| NAME: Patrick J. Woytek | NAME: |
| FIRM: Cassiday, Schade & Gloor | FIRM: |
| STREET ADDRESS: 20 N. Wacker, Suite 1040 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60606 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/641-3100 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): ARDC No. 6256888 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [X] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**

1-3